**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 13-CR-71-JED |
| | ) |
| **DEBORAH KAY GAITHER,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Before the Court is Defendant Deborah Kay Gaither's Unopposed Motion to Continue Jury Trial (Doc. 14) from its current trial setting of June 17, 2013, to a date no earlier than the August trial docket. Defendant requests that all delays from any such continuance be excluded under 18 U.S.C. § 3161(h)(7) of the Speedy Trial Act.

Defendant is charged in a one (1) count Indictment with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). The Indictment also contains forfeiture allegations pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). Violation of 18 U.S.C. § 922(g)(1), as charged, would be punishable by a sentence of imprisonment of up to ten (10) years.

Defendant made her initial appearance on April 25, 2013. This is the first request for a continuance of any dates, including the trial setting. The Defendant subsequently appeared at a motion hearing before this Court on June 4, 2013. At that hearing the Court had ample opportunity to observe the Defendant.

Defense counsel maintains that additional time is needed to prepare for trial due to Defendant's chronic health problems. Both counsel for the Government and counsel for the

Defendant concur that, in light of the Defendant's poor health, the ends of justice outweigh the interests of the public and the Defendant in a speedy trial.  18 U.S.C. § 3161(h)(7).

The Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) permits a district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  In granting an ends of justice continuance, a court must orally or in writing set forth "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*  In determining such a motion for continuance, the court shall consider a number of factors, including "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).  The district court may also consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]."  18 U.S.C. § 3161(h)(7)(B)(ii).

An ends of justice continuance should not be granted "cavalierly," and it was intended to be a "rarely used tool."  *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007) (citations omitted); *see also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).  Pursuant to *Toombs*, the parties must provide the district court a sufficient record to determine why the facts require additional time.  *See* 574 F.3d at 1271.  This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing

before granting the continuance. *See id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial. *Id.* at 1273.

The Court has reviewed the Defendant's Unopposed Motion, which supplements the Court's own observations of the Defendant at the June 4, 2013 hearing. The specific nature of the relief sought is a continuance of the trial to allow Defendant's counsel reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Defendant Gaither is in ill health, she suffers from Chronic Obstructive Pulmonary Disorder ("COPD"), Osteoporosis and Hepatitis C. Hot weather makes it difficult for her to draw breath and her current lung function is reduced to 25%. Additionally, Defendant's bone density is significantly deteriorated to the point where the mere act of walking may cause stress fractures of the spine. Defendant's hip has so little bone density that walking has become a struggle. In the course of the June 4 hearing, the Court observed the Defendant's difficulties, which were apparent and pronounced. With regard to Defendant's COPD, counsel represents that Defendant Gaither will be unable to prepare for trial or provide him the assistance needed for trial preparation in light of her breathing difficulties. She is frail and has great difficulty breathing and walking. The Defendant is receiving medical treatment which will hopefully alleviate some of her maladies and aid in her ability to assist her counsel in trial preparation and in enduring the trial itself. Both counsel for the Government and counsel for Defendant Gaither believe that in this case the ends of justice outweigh the interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court agrees.

Failure to grant a continuance of the proceeding would likely make a continuation of the proceeding impossible or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). While the

instant case is not unusual or complex, failure to grant a continuance would nonetheless deny counsel for the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Pursuant to Local Criminal Rule 47.8, Defendant has advised the Court that the requested continuance implicates the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* Defendant agrees that any time encompassed by a continuance granted as a result of this request is excludable under the provisions of the Speedy Trial Act. A Waiver of Speedy Trial, executed by Defendant, has been filed (Doc. 16) and further supports this Order.[1]

The Court finds that, under the circumstances presented, the continuance sought by the Defendant is warranted under 18 U.S.C. § 3161(h)(7)(B)(iv), to allow "counsel for the defendant . . . the reasonable time necessary for effective preparation." The Court also finds the requested continuance is reasonable in order for counsel for both the Defendant and the Government to be ready for trial. The Court finds that the ends of justice will be served by the granting of the limited continuance and that those ends of justice outweigh the best interests of the public and the Defendant in a speedy trial. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against the Defendant's interests in adequate time to prepare for trial. In addition, justice for the public and Defendant is best served by adequately prepared counsel on behalf of the Defendant as well as the Government.

**IT IS THEREFORE ORDERED** that the Unopposed Motion (Doc. 1) is **granted.** The jury trial set for June 17, 2013 is **stricken**, and the following amended scheduling order is hereby entered:

---

[1] Defendant remains free on conditions pending trial.

| | |
|---|---|
| **Pretrial Conference/CP/Motions Hearing:** | **August 2, 2013 at 10:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | August 12, 2013 |
| **Jury Trial:** | **August 19, 2013 at 9:30 a.m.** |

**IT IS FURTHER ORDERED** that the time between June 17, 2013 and August 19, 2013 is excluded pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS SO ORDERED** this 13th day of June, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

5